IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARY PAIGE, BY AND THROUGH HER SON
AND NEXT FRIEND, BILLY WAYNE PAIGE,
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF THE ESTATE OF
MARY PAIGE                                                      PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:06cv162-DCB-JMR

MARINER HEALTH CARE, INC., ET AL.                             DEFENDANTS

## ORDER

This matter comes before the Court on Defendant Boyd Gentry's Motion to Dismiss [**docket entry no. 6**]. Having reviewed the Notice of Removal, conditional consent thereto, Motion, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

## FACTS

On August 30, 2004, this wrongful death suit was instituted on behalf of Mary Paige's beneficiaries against Mariner Health Care, Inc., the Yazoo City Health and Rehabilitation Center, Scott Lindsey, Sandra Woodberry, Andrew Overholser, Roy Dumas, Lisa Collins, Sally Long, Boyd Gentry, and John Does 1-200. On October 26, 2006, the Mississippi Supreme Court handed down Howard v. Estate of Harper, --- So. 2d ---, 2006 WL 302639 (Miss. Oct. 26, 2006). The defendants then removed the action to this Court on

-1-

November 27, 2006.[1]  On December 21, 2006, the plaintiff filed her Conditional Consent to Removal and Conditional Waiver of One Year Limit on Removal [docket entry no. 4], wherein she waived 28 U.S.C. § 1446(b)'s one-year statutory time limit on diversity of citizenship-based removals.  See Tedford v. Warner-Lamber Co., 327 F.3d 423 (5th Cir. 2003) (stating that § 1446's one-year time limit on diversity jurisdiction removals is waivable).  The plaintiff's consent to removal was based on (1) the Court accepting all previously conducted state court discovery, (2) the defendants' agreement to have the case placed on the fastest track deemed suitable by the Court, and (3) the Court adopt a "scheduling order as near as is practicable . . . to the scheduling order established by the state court."  (Conditional Consent, 4.)  The defendants then filed a Response to the plaintiff's conditional consent wherein they agreed to the plaintiff's conditions [docket entry no. 5].  Currently pending before the Court is Defendant Boyd Gentry's Motion to Dismiss [docket entry no. 6], which is premised on insufficient service of process.

### BRIEF EXPLANATION OF Howard v. Estate of Harper

The plaintiffs in Howard brought suit against a nursing home, the nursing home's administrator, and the nursing home's licensee. The plaintiffs claimed in their complaint that the administrator

---

[1] The thirtieth day after Howard was handed down fell on Saturday, November 25, 2006; therefore, the defendant's notice of removal was timely filed on Monday, November 27, 2006.

and licensee were negligent by not hiring an adequate amount of nursing personnel to staff the nursing home. Howard, 2006 WL 3026398, at *2. The defendants filed a Motion to Dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6), wherein they argued that the plaintiff failed to state a cognizable claim against the individual defendants. Id. at *1. The Rule 12(b)(6) motion was denied by the trial court. Id. On interlocutory appeal, the Mississippi Supreme Court reversed the trial court's denial. The supreme court held that (1) there is no common law duty of care owed by a nursing home administrator or licensee to the nursing home's patients, (2) there is no statutory duty of care owed by a nursing home administrator or licensee to the nursing home's patients, (3) as a matter of law, administrators and licensees of a nursing home cannot be liable for medical malpractice unless a doctor-patient relationship existed, and (4) as a matter of law, there is no fiduciary duty between a nursing home's administrator or licensee and the nursing home's patients. Id. at *2-7.

The defendants assert in their Notice of Removal that Boyd Gentry, along with the other individual defendants, were improperly joined. In light of Howard, the plaintiff agrees with that assessment. (Conditional Consent, 3 ("[O]n October 26, 2006, the Mississippi Supreme Court decided Howard v. Estate of Harper, which rejected Plaintiff's theories of liability against the

administrator and licensee defendants.  It also rejected fraud allegations similar to those Plaintiff made, establishing that her complaint does not state valid claims against the administrator and licensee defendants.").)

Inasmuch as the plaintiff has agreed that she has no cause of action against any of the individual defendants, Gentry's Motion to Dismiss due to insufficient service of process is moot. Accordingly,

IT IS HEREBY ORDERED that Defendant Boyd Gentry's Motion to Dismiss [**docket entry no. 6**] is **MOOT.**

IT IS FURTHER ORDERED that the individual administrator and licensee defendants in this action are **DISMISSED WITH PREJUDICE.**

SO ORDERED, this the   2nd   day of    May   , 2007.


                                           s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE